UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL E. PATTERSON,

                Petitioner,

v.

BRYAN MORRISON,

                Respondent.

_____/

Case No. 1:24-cv-13

Honorable Ray Kent

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim. The Court will also deny Petitioner's motion for bail (ECF No. 3).

**Discussion**

## I.       Factual Allegations

Petitioner Michael E. Patterson is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. In 2006, following a jury trial in the Kent County Circuit Court, Petitioner was convicted of one count of first-degree felony murder, in violation of Mich. Comp. Laws § 750.316(1)(b), and possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b(1). *See People v. Patterson*, No. 268943, 2007 WL 2560143, at *1 (Mich. Ct. App. Sept. 6, 2007). Petitioner was a juvenile at the time of the offense. (ECF No. 1-2, PageID.22.) The trial court sentenced him to life imprisonment without parole. (ECF No. 1-3, PageID.25.) The Michigan Court of Appeals affirmed Petitioner's convictions on September 6, 2007. *See Patterson*, 2007 WL 2560143, at *1.

In 2012, the United States Supreme Court held that the Eighth Amendment prohibits a sentencing scheme that mandates life in prison without parole for juvenile offenders. *See Miller v. Alabama*, 567 U.S. 460 (2012). Four years later, the Court concluded that *Miller*'s holding applies retroactively on state collateral review. *See generally Montgomery v. Louisiana*, 577 U.S. 190 (2016). In light of those holdings, on September 27, 2023, Petitioner was resentenced. In lieu of the sentence of life imprisonment without parole, the trial court sentenced Petitioner to a term of

3

38 to 60 years' incarceration for felony murder, to be served consecutively to 2 years' incarceration for felony-firearm. (ECF No. 1-2, PageID.22–24.) Petitioner received 6,473 days of jail credit toward his felony murder sentence, as well as 730 days credit—the entire two years—toward his felony-firearm sentence, to represent the time he had already served. (ECF No. 1-5, PageID.30.)

On January 4, 2024, Petitioner filed his federal habeas corpus petition, asserting that the amended judgment of sentence issued after he was resentenced to a term of years violates his Fifth Amendment double jeopardy rights. (Br. Supp. Pet., ECF No. 2, PageID.34.) Petitioner also contends that the trial court lacked jurisdiction to resentence him. (*Id.*, PageID.40.) Petitioner has also filed a motion for bail pending adjudication of his habeas petition. (ECF No. 3.)

## II.     AEDPA Standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III.     Discussion

#### A.      Exhaustion

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275–77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365–66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Picard*, 404 U.S. at 277–78. With regard to procedure, the fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. *Olson v. Little*, 604 F. App'x 387, 402 (6th Cir. 2015) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' . . . does not, for the relevant purpose, constitute 'fair

7

presentation.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989))); *see also Ogle v. Ohio Dep't of Rehab. & Corr.*, No. 17-3701, 2018 WL 3244017, at *2 (6th Cir. Feb. 27, 2018); *Stokes v. Scutt*, 527 F. App'x 358, 363–64 (6th Cir. 2013).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423–24 (6th Cir. 2000).

Petitioner has not met his burden of showing exhaustion. He suggests that he submitted a "state habeas corpus" petition to the trial court on November 2, 2023, raising his double jeopardy and jurisdiction claims. (Pet., ECF No. 1, PageID.6.) Petitioner asserts that the trial court responded to his petition via a letter. (*Id.*, PageID.7.)

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. Petitioner can directly appeal his new sentence to the Michigan Court of Appeals and, if he does not obtain relief from that court, he may file an application for leave to appeal to the Michigan Supreme Court. Therefore, the Court concludes that he has at least one available state remedy.

Although the Court may not grant habeas relief on an unexhausted claim, a habeas corpus petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2). As set forth fully below,

Petitioner's unexhausted issues are meritless. Accordingly, the Court will consider Petitioner's unexhausted claims.

### B.      Double Jeopardy

Petitioner first contends that the trial court violated his Fifth Amendment right to be free from double jeopardy when it resentenced him.

The Fifth Amendment's Double Jeopardy Clause, which applies to the states via the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." *Volpe v. Trim*, 708 F.3d 688, 695–96 (6th Cir. 2013) (quoting U.S. Const. amend. V). The Clause prohibits: (1) a second prosecution for the same offense following an acquittal; (2) a second prosecution for the same offense following a conviction; and (3) multiple punishments for the same offense. *See id.* at 696 (citations omitted). Petitioner's claim implicates the third protection.

Petitioner's claim for relief, however, is simply meritless. The Supreme Court has noted that its decisions have "clearly establish[ed] that a sentence does not have the qualities of constitutional finality that attend an acquittal." *See United States v. DiFrancesco*, 449 U.S. 117, 134 (1980). For example, the Court has held that there is no constitutional bar to the imposition of a more severe sentence upon reconviction after a defendant has successfully appealed the original judgment of conviction. *See North Carolina v. Pearce*, 395 U.S. 711, 720 (1969). The *DiFrancesco* Court further noted that "[t]he double jeopardy considerations that bar reprosecution after an acquittal do not prohibit review of a sentence." *DiFrancesco*, 449 U.S. at 136.

Here, the trial court resentenced Petitioner after the *Miller* and *Montgomery* Courts concluded that juvenile offenders could not be subject to mandatory terms of life imprisonment without parole. In resentencing Petitioner, the trial court neither detrimentally altered Petitioner's terms of imprisonment nor subjected him to multiple sentences for the same convictions. Petitioner

was merely resentenced to a term of years in accordance with *Miller* and *Montgomery*. Petitioner, therefore, has not shown that the trial court violated his rights under the Fifth Amendment's Double Jeopardy Clause, so he is not entitled to relief with respect to this claim. *Cf. Jones v. Winn*, No. 16-2688, 2017 WL 6048865, at *3 (6th Cir. May 26, 2017) (concluding that the petitioner's double jeopardy claim lacked merit because the trial court's entry of a corrected amended judgment to reflect consecutive sentences was done "simply to correct a clerical error" because the court "indicated during the resentencing hearing that it intended to continue to impose consecutive sentences").

### C.      Jurisdiction

Petitioner also suggests that the trial court lacked jurisdiction when it resentenced him pursuant to *Miller* and *Montgomery*. (Br. Supp. Pet., ECF No. 2, PageID.40.) According to Petitioner, the trial court lacked jurisdiction because it "did not regard the constitutional command." (*Id.*, PageID.42.) Petitioner appears to believe that the trial court had no authority to resentence him to a term of years and that he should have been immediately released on parole. (*Id.*, PageID.42–43.)

The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). The Michigan Supreme Court has described the concept of subject matter jurisdiction as follows: "Subject matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of the case." *People v. Lown*, 794 N.W.2d 9, 24 (Mich. 2011) (internal quotation marks and emphasis omitted). "Michigan circuit courts are court of general jurisdiction and unquestionably have jurisdiction over felony cases." *Id.*; *see also* Mich. Const. of 1963, art. 6, §§ 1 & 13; Mich. Comp. Laws §§ 600.151, 600.601, and 767.1.

Any purported violation of state law does not provide a basis for federal habeas relief. *See*

*Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "In conducting habeas review, a federal court is

limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

States." *Id.* Petitioner simply offers no basis to challenge the trial court's jurisdiction over his

resentencing and no basis to conclude that the trial court's resentencing rose to the level of a federal

constitutional violation. Petitioner, therefore, is not entitled to relief with respect to this claim.

## IV.    Immediate Release

Petitioner requests immediate release on bail pending a decision on the merits. (ECF No.

3.) In *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Court of Appeals for the Sixth Circuit

recognized that, in limited circumstances, a district court may grant bond pending a decision on

the merits of a habeas corpus petition. The *Dotson* court indicated, however, that the power to

release petitioner on bond must be exercised sparingly and only in the presence of exceptional

circumstances. *Dotson*, 900 F.2d at 79; *see also Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Under *Dotson*, the prisoner seeking release on bond "must be able to show not only a substantial

claim of law based on the facts surrounding the petition but also the existence of some

'circumstance making the [motion for bail] exceptional and deserving of special treatment in the

interests of justice.'" *Dotson*, 900 F.2d at 79 (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)

(Douglas, J., in chambers)). The habeas petitioner, who is incarcerated under a presumptively valid

criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted

defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

In light of the Court's determination that the petition lacks merit, it necessarily follows that

Petitioner has failed to demonstrate either a substantial claim on the merits of the petition or

exceptional circumstances deserving special treatment in the interest of justice. Accordingly, the

Court will deny Petitioner's motion for immediate release.

**V.      Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**<u>Conclusion</u>**

The Court will enter a judgment dismissing the petition on the merits, as well as an order denying a certificate of appealability and Petitioner's motion for immediate release on bail (ECF No. 3).

Dated:   January 25, 2024                        /s/ Ray Kent
                                                Ray Kent
                                                United States Magistrate Judge